UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SEAN E. POSEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRUCE LEMMON, JOHN DOE #1, )<br>'JOHN' DALONEY, 'JOHN' LANIER, )<br>'JANE' WASHINGTON, 'JOHN' RUEL, )<br>JOHN CREASY, ALONZO BURRIS, )<br>REFUGE CURTIS, LARRY STEINBECK, )<br>DANIEL PALMROY, )<br>)<br>Defendants. ) | Case No. 1:16-cv-00936-JMS-TAB |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Sean Posey ("Mr. Posey") is currently incarcerated by the Indiana Department of Correction ("IDOC") at the New Castle Correctional Facility ("New Castle"). He brings this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his First, Fourth, and Eighth Amendment rights have been violated by the defendants. He has named 11 defendants: 1) Bruce Lemmon, Commissioner; 2) John Doe, IDOC Director of Classification;[1] 3) Case Manager Daloney; 4) Sgt. Lanier; 5) Lt. Washington; 6) Officer Ruel; 7) Lt. Creasy; 8) Sgt. Alonzo Burris; 9) Sgt. Refuge Curtis; 10) Captain Larry Steinbeck; and 11) Sgt. Daniel Palmroy. All of the defendants except Commissioner Lemmon and the IDOC Director of Classification were employees of the Westville Correctional Facility ("Westville"). Mr. Posey alleges that the defendants are named in their official capacities. He seeks compensatory damages in the amount

---

[1] The motion to correct error [dkt. 16] is **granted.** This defendant is understood to be the director of classification for IDOC and not an individual facility.

of 15 million dollars, 25 million dollars in punitive damages, and injunctive relief including an investigation, disciplinary action, and his release from custody. Mr. Posey alleges that the defendants failed to protect him from assault by other inmates and retaliated against him for having filed an earlier civil rights action against them.

## I. Complaint Screening

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Applying this standard to this action certain claims must be dismissed.

### A. Statute of Limitations

Claims which accrued before April 26, 2014, (more than 2 years before this action was filed) are dismissed as barred by the statute of limitations. Thus the relevant allegations are the following. On February 19, 2015, the plaintiff was returned to IDOC custody after having violated the terms of his community transition program. He spoke with a classification specialist at Reception Diagnostic Center on March 5, 2015, and stated that he did not want to be placed at

Westville because he feared retaliation by the defendants named in his prior civil action.[2] The classification specialist told the plaintiff that he recommended that the plaintiff be sent to New Castle.

On March 9, 2015, the plaintiff was transferred to Westville. He was harassed, threatened and forced to participate in sexual conduct at Westville. He was transferred to New Castle on April 19, 2015, where the alleged abuse ceased.

**B. Statewide Defendants**

The only claim against the statewide defendants is that they should have known that violence and terror exists at Westville and that they should not have allowed the plaintiff to be placed there. But there is no plausible basis to conclude that Commissioner Bruce Lemmon, or the unidentified IDOC Director of Classification caused or participated in the alleged constitutional deprivation. The Seventh Circuit has explained:

> *Iqbal* held that knowledge of subordinates' misconduct is not enough for liability. The supervisor must want the forbidden outcome to occur. Deliberate indifference to a known risk is a form of intent. But *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), holds that, to show scienter by the deliberate-indifference route, a plaintiff must demonstrate that the public official knew of risks with sufficient specificity to allow an inference that inaction is designed to produce or allow harm. A warden's knowledge that violence occurs frequently in prison does not make the warden personally liable for all injuries. *See McGill v. Duckworth*, 944 F.2d 344 (7th Cir.1991). Prisons are dangerous places, and misconduct by both prisoners and guards is common. Liability for wardens would be purely vicarious. *Farmer* rejected a contention that wardens (or guards) can be liable just because they know that violence occurs in prisons and don't do more to prevent it on an institution-wide basis. To get anywhere, [the plaintiffs] would need to allege that [the defendant] knew of a substantial risk to [the plaintiffs] and ignored that risk because he wanted plaintiffs (or similarly situated persons) to be harmed. The complaint does not contain such an allegation and could not plausibly do so.

---

[2] The plaintiff states that in December 2013, he filed a lawsuit against the employees at Westville based on the circumstances he experienced while he was incarcerated at that facility. This lawsuit was dismissed on August 14, 2014, after the Northern District of Indiana found that the plaintiff failed to exhaust his available administrative remedies prior to filing that action.

*Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012) (knowledge of subordinates' misconduct is not enough for liability). In this case, the complaint fails to contain sufficient factual allegations upon which to conclude that these statewide defendants knew that the plaintiff faced a substantial risk if he was placed at Westville and ignored that risk because they wanted the plaintiff to be harmed. Accordingly, the claims against the statewide **defendants Bruce Lemmon and John Doe are dismissed.**

### C. Official Capacity Claims

In addition, the complaint is deficient because all of the claims are brought against the defendants in their "official capacities" (instead of their individual capacities). An official capacity claim against the defendant individuals as employees of the IDOC would in essence be against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003) (the state is not a "person" that can be sued under 42 U.S.C. § 1983). Although, there are circumstances under which the plaintiff could seek prospective injunctive relief from an individual defendant in his official capacity, those circumstances are not present in this case because no ongoing violation of the plaintiff's constitutionally protected rights could be identified given that the plaintiff has been transferred to New Castle. *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.*, 603 F.3d 365, 371 (7th Cir. 2010)(J. Hamilton). Accordingly, the official capacity claims are dismissed.

### D. Fourth Amendment

The complaint references the Fourth Amendment. The Fourth Amendment of the U.S. Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." This Court could not identify any facts which would support a Fourth Amendment claim. Accordingly, any Fourth Amendment claim is **dismissed** for failure to state a claim upon which relief may be granted.

### E. Release from Custody

The plaintiff states that in addition to money damages he seeks release from custody. This is not an available remedy in this civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Nelson v. Campbell,* 541 U.S. 637, 646 (2004) ("[D]amages are not an available habeas remedy."); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims."). If the plaintiff seeks release from custody, he must file a habeas petition. Release from custody as a claim for relief is **dismissed.**

### F. Plausible Claims for Relief

Although the official capacity claims and the statewide defendant claims are subject to dismissal, it appears that the complaint states First and Eighth Amendment claims against Case Manager Daloney; Sgt. Lanier; Lt. Washington; Officer Ruel; Lt. Creasy; Sgt. Alonzo Burris; Sgt. Refuge Curtis; Captain Larry Steinbeck; and Sgt. Daniel Palmroy in their individual capacities.

Each of these defendants was employed at Westville Correctional Facility, in LaPorte County. LaPorte County is located in the Northern District of Indiana.

## II. Further Proceedings

Given the rulings made above, there appears to be two reasonable paths to follow which would promote the further development of this action.

1. The plaintiff shall have **through September 27, 2016,** in which to notify the court that he intends to pursue the First Amendment retaliation claims and Eighth Amendment failure to protect claims against Case Manager Daloney; Sgt. Lanier; Lt. Washington; Officer Ruel; Lt. Creasy; Sgt. Alonzo Burris; Sgt. Refuge Curtis; Captain Larry Steinbeck; and Sgt. Daniel Palmroy in their individual capacities. If this step is taken, this action shall be transferred to the Northern District of Indiana because the Westville defendants, the alleged misconduct, and the evidence all are located or took place in the Northern District of Indiana. This step is consistent with 28 U.S.C. § 1391(b), which provides the following:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Another statute, 28 U.S.C. § 1404, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under these circumstances, the proper venue for this action

is the Northern District of Indiana. After transfer the Northern District of Indiana may choose to further evaluate the claims alleged pursuant to 28 U.S.C. § 1915A.

     2.     In the alternative, the plaintiff shall have **through September 27, 2016,** in which to file an amended complaint which corrects the deficiencies noted in Part I of this Entry. If an amended complaint is filed it will be screened consistent with 28 U.S.C. § 1915A.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

     **IT IS SO ORDERED.**

Date: <u>August 26, 2016</u>

                                          Hon. Jane Magnus-Stinson, Judge
                                          United States District Court
                                          Southern District of Indiana

Distribution:

All Electronically Registered Counsel

SEAN E. POSEY
979826
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362